UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISSA WEBB, | ) |
| | ) |
| Plaintiff, | ) Case No. 20 C 5656 |
| | ) |
| v. | ) Judge Jorge L. Alonso |
| | ) |
| AWA COLLECTIONS, | ) |
| | ) |
| Defendant. | ) |

## Memorandum Opinion and Order

Plaintiff Issa Webb ("Webb") filed a complaint against Defendant AWA Collections ("AWA"), a debt collection agency, alleging that AWA Collections violated his right to privacy and caused him financial injury through their debt collection practices. AWA Collections filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Webb's allegations, even it taken as true, fail to state a claim for relief under the Fair Debt Collection Practices Act. For the following reasons, the Court grants AWA's motion [12].

## Background

Webb filed his complaint against AWA under 15 U.S.C. § 1692, commonly known as the Fair Debt Collection Practices Act. Though Webb's allegations lack detail, the Court infers the following facts from his complaint and the attached documents[1]. On February 8, 2020, Lotsu Digestive Health sent Webb a bill for medical services. The bill stated that Webb owed $171.86. Around June of 2020, Lotsu Digestive hired AWA to collect the $171.86 from Webb. As of June

---

[1] The Court notes that Webb's complaint attaches copies of his social security card. These documents are not relevant to Webb's claims, and therefore should not have been filed on the docket. *See* Fed. R. Civ P. 5.2. Therefore, for Webb's privacy, the Court directs the Clerk of the Court to strike page 38 of docket number 1 and page 38 of docket number 9.

2020, AWA's collection appeared on Webb's credit report. On June 24th, 2020, AWA sent Webb a letter regarding the collection.

On August 1st, 2020, Webb sent an "Affidavit of Truth" to AWA where he outlined various claims he believed he had against AWA under 15 USC § 1692. AWA never responded directly to this affidavit. Webb then sent AWA an invoice for $36,000 for the same 15 USC § 1692 alleged violations. Also on August 1st, 2020, Webb filed his first complaint with the Consumer Financial Protection Bureau. In this complaint, Webb states that AWA attempted to collect a debt he did not owe. AWA responded by closing the account and stating that any information sent to credit bureaus would be removed.

On August 19th, 2020, Webb wrote AWA a letter titled "Notice of Default and Opportunity to Cure." This letter stated that AWA failed to rebut his "Affidavit of Truth" and thus defaulted in the amount of $36,000. At some point, Webb also sent a cease-and-desist letter, though the document attached to the complaint is not dated and Webb's complaint contains no allegations about when the letter was sent. On August 24th, 2020, Webb filed a second complaint with the Consumer Financial Protection Bureau (hereafter the "Bureau") regarding AWA. In his amended complaint, Webb states that AWA violated his rights under 15 USC § 1692. As a result, Webb sought to collect the $36,000 he invoiced AWA, along with an apology. AWA responded that it already resolved the issues in the prior Bureau complaint, closed the account, and deleted any information sent to credit bureaus. AWA also stated it didn't recognize the affidavit of truth as a valid legal document. Based on this response, the Bureau closed out Webb's second complaint.

The present lawsuit followed and Webb alleges in his complaint that AWA failed to comply with the Fair Debt Collection Practices Act. Webb generally asserts that AWA "violated

2

[his] right to privacy, caused financial injury, and ruined [his] reputation as a federally protected consumer." Along with his complaint, Webb submitted an affidavit of truth, a cease-and-desist letter, and several other documents related to facts underlying his claim.

AWA filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that Webb does not identify what portions of the Fair Debt Collection Practices Act AWA allegedly violated. In response to AWA's motion, Webb filed an opposition brief where he restates the allegations in his complaint, expands on his initial allegations, and attempts to add allegations to his original complaint. AWA replied to Webb's brief, reinforcing their belief that Webb failed to state a claim in his original complaint. Additionally, AWA points out that Webb cannot amend his complaint through an opposition brief.

## Standard of Review

When considering a Rule 12 motion to dismiss, the Court accepts all well-pled facts as true and will grant the motion only when the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928 (7th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). To determine whether a claim is plausible, the Court considers facts stated in the complaint, as well as any attached documents referred to in the complaint and central to the plaintiff's claim. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Moreover, when deciding a Rule 12(b)(6) motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). This requires the court to draw all possible inferences in plaintiff's favor. *Id*.

## Discussion

In his complaint [9], Webb generally asserts that AWA "violated [his] right to privacy, caused financial injury, and ruined [his] reputation as a federally protected consumer." (Dkt. 9 at p.5). To support his allegations, Webb argues: (1) AWA could not validate the alleged debt; (2) AWA gave inaccurate information to his consumer reports; (3) AWA did not have written consent to obtain his personal information; and (4) AWA did not comply in an administrative process initiated by Webb. AWA moves to dismiss all four of these separate bases. The Court addresses each in turn.

**I.    Webb's Allegations Regarding Debt Validation**

First, Webb alleges that AWA "could not validate the debt." Though Webb does not specify what provision of the Fair Debt Collection Practices Act he relies on, the Court presumes this refers to § 1692g, which addresses the verification of debts. 15 U.S.C. § 1692g.

Section 1692g ensures that a debt collector makes certain disclosures when it attempts to collect a debt. *Pa Panko v. Pellettieri & Assocs., P.C.*, Case No. 04 C 3981, 2004 U.S. Dist. LEXIS 19295, 2004 WL 2191574 at *2 (N.D. Ill. 2004). It further provides that a debt collector communicating with a consumer must, either within the initial communication or five days later, send the consumer a written notice containing (1) the amount of debt, (2) the creditor's name to whom the debt is owed, (3) notice that they have thirty days to dispute the debt's validity, (4) notice that the debt will be assumed valid unless they do so, and (5) notice that if they dispute the debt within thirty days, the debt collector will cease pursuing collection until it verifies the debt and mails it to the consumer. *See Allen v. Bank of Am.*, N.A., Case No. 11 C 9259, 2012 U.S. Dist. LEXIS 158632, 2012 WL 5412654, at *2-3 (N.D. Ill. 2012).

But, as the Seventh Circuit explains, verification of a debt does not obligate the collector to confirm whether the underlying debt actually belongs to the consumer. *Walton v. EOS CCA*, 885 F.3d 1024, 1027 (7th Cir. 2018). Indeed, "[i]t would be both burdensome and significantly beyond the [Fair Debt Collection Act's] purpose to interpret § 1692g(b) as requiring a debt collector to undertake an investigation into whether the creditor is actually entitled to the money it seeks." *Id.* at 1027-28. Rather, § 1692g(b) merely requires that the debt collector confirm in writing that the amount being demanded matches the amount the creditor claims is owed. *Id.* at 1028.

To satisfy § 1692g(a), a notice must state all required information clearly enough so that the recipient is likely to understand it. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016). Section 1692g(b) further states that if the debtor requests verification of the debt within the thirty days, the debt collector must cease efforts to collect the debt until they send verification. 15 U.S.C. 1692g(b). An "unsophisticated consumer" standard governs whether the contents of a letter are clear enough to provide adequate validation. *Zemeckis v. Glob. Credit & Collection Corp.*, Case No. 11-cv-701, 2011 U.S. Dist. LEXIS 54169, 2011 WL 2036263, at *2 (N.D. Ill. 2011). The unsophisticated consumer "has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences[.]" *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645 (7th Cir. 2009) (internal citations omitted). Whether a letter confuses the unsophisticated consumer is generally a fact-based inquiry, yet "there will be occasions when a district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision" *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 760 (7th Cir. 2006).

Here, the Court finds that the letter attached to Webb's complaint demonstrates that AWA gave adequate verification. AWA sent a letter to Webb on June 24, 2020 validating the debt it contended he owed. Webb attaches this letter to his complaint. The letter's cover page reads as follows:

> "Creditor: Lotsu Digestive Health/# WEIS000001/AWA #HW9723
> Original Balance: $171.86 … Interest and Fees $ … Current Balance: $171.86…
> Enclosed is a validation of your debt as supplied by our client… [t]he amount indicated as negative is what our client shows after your debt was Charged off as bad debt & placed for collections."

An unsophisticated consumer would be able to deduce from this letter that the creditor is Lotsu Digestive and that the amount due is $171.86. Thus, the letter adequately verified Webb's debt under 15 U.S.C. § 1692g(a)(1)-(2).

Regarding the disclosures required under § 1692g(a)(3)-(5), Webb does not allege that AWA failed to make these disclosures. Beyond his broad allegation that "AWA collections could not validate the alleged debt," Webb doesn't make any specific allegation that he requested that AWA verify the alleged debt, when he made that request, or AWA's response later. At best, based on the documents attached to Webb's complaint, the Court assumes that Webb notified the Consumer Financial Protection Bureau on August 1, 2020 that AWA attempted to collect on a debt he did not owe. But these documents also show that AWA responded on August 11, 2020 and closed the account. These documents further show that Webb submitted another complaint with the Consumer Financial Protection Bureau on August 24, 2020, which the Bureau forwarded to AWA. AWA responded on August 25, 2020 stating that it had already closed out the account. Thus, even when considering all well-pled facts as true, Webb doesn't state a plausible claim under §1692g(a)(3)-(5) because the allegations do not establish that AWA failed to adequately notify Webb of the debt or that AWA attempted to continue collecting on the debt

6

(without verifying it) after Webb submitted his complaints to the Consumer Financial Protection Bureau. Therefore, the Court grants AWA's motion to dismiss directed toward Webb's allegations of improper debt validation.

**II.     Webb's Allegations Regarding Information Given to Credit Report Agencies**

Next, Webb alleges that AWA gave inaccurate information to credit reporting agencies, resulting in financial injury. Again, Webb makes broad allegations with little detail. The Court interprets Webb's allegations to be either a violation of the Fair Debt Collection Practices Act's prohibition on the use of false information, *see* 15 U.S.C. § 1692e, or a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681.

The Fair Debt Collection Practices Act prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, it prohibits debt collectors from communicating with any person about credit information that is known or should be known to be false. 15 U.S.C. § 1692e(8). Debt collectors must also communicate when he or she disputes the debt. *Id*.

Though Webb does not specifically allege what inaccurate information AWA gave to credit agencies, the Court infers from his first Bureau complaint that Webb refers to the debt AWA attempted to collect. *See Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988) ("…the district court is entitled to consider exhibits attached to the complaint as part of the pleadings").

Webb fails to plead any facts to show AWA knew the debt was disputed when AWA originally reported the debt to the credit agencies. AWA contacted Webb with a proper verification on June 24, 2020. Webb did not file his complaint with the Bureau until August 1, 2020. As such, AWA did not violate its obligation to report a dispute under § 1692e, since it was not aware of a dispute until August 1st, after it had already reported the debt to credit agencies.

*Levine v. Creditors' Prot. Serv.*, Case No. 17-cv-2537, 2019 WL 1077126, at *4 ("a debt collector has no affirmative obligation to inform a credit reporting agency of the existence of a dispute of which it only became reasonably aware after the debt collector's initial reporting of the debt to the credit reporting agency").

Moreover, Webb does not allege that AWA failed to mark this debt as disputed. *See Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018) (holding that consumers were properly granted summary judgment on their Fair Debt Collection Practices Act claims because the debt collectors sent information along to credit reporters despite receiving information that the debt was disputed). In fact, Webb acknowledges that AWA reported and removed the alleged debt following his first Bureau complaint. Simply put, Webb fails to allege any facts to show that AWA did not fulfill their statutory obligations under 15 U.S.C. § 1692e.

Rather, Webb focuses on the fact that, at one point, the debt was inaccurately reported. Accepting that as truth, the allegations do not show that AWA committed any error. *See Walton*, 885 F.3d at 1028 (holding the Fair Debt Collection Practices Act requires "nothing more than the debt collector confirming in writing that the amount behind demanded is what the creditor is claiming is owed") (citation omitted). The amount AWA sought was the same amount listed on the medical bill sent by Lotsu Digestive Health. (*See* Dkt. 9 at pgs. 14, 17). Therefore, AWA satisfied the Fair Debt Collection Practices Act's statutory requirements because the amount demanded matched the amount the creditor claimed was owed.

Finally, though Webb does not claim a cause of action under any authority besides the Fair Debt Collection Practices Act, AWA points out that Webb may be seeking relief under 15 U.S.C. § 1681, the Fair Credit Reporting Act, for his credit reporting claims. Under this section, a data furnisher has a duty to provide accurate information and take certain steps upon learning

8

about a dispute. 15 USC § 1681s-2(b). The act does not, however, allow for a private cause of action for a violation of these obligations. 15 U.S.C. § 1681s-2(c); *Todd v. Franklin Collection Serv.*, 694 F.3d 849, 852 (7th Cir. 2012). Webb alleges that "AWA furnished inaccurate and unvalidated information." Even if true, Webb does not state a plausible claim under the Fair Credit Reporting Act because no cause of action exists for him. Thus, even when considering all well-pleaded facts as true, Webb fails to state a plausible claim under 15 U.S.C. § 1681. In summary, because Webb has not plead a plausible claim under the Federal Debt Collections Practices Act or the Fair Credit Reporting Act, the Court grants AWA's motion to dismiss with respect to Webb's allegations of incorrect information sent to credit reporters.

### III. Webb's Consent

Webb also alleges that AWA didn't have written consent to obtain his personal information. As AWA points out, Webb failed to state what personal information AWA obtained, how AWA obtained it, where AWA obtained it from, or when AWA may have obtained it. Therefore, Webb failed to provide this Court with enough information to find a plausible claim regarding AWA's failure to obtain written consent.

What's more, interpreting Webb's claim to state that AWA needed to obtain his consent to communicate, that claim fails as well. Section 1692c restricts debt collectors from contacting consumers in three scenarios: (1) unusual times or places, (2) if the debt collector knows that an attorney represents the consumer, or (3) at the consumer's place of employment. 15 U.S.C. § 1692c. Webb does not allege any of those situations apply here. Moreover, as a furnisher, AWA can provide Webb's data to consumer reporting agencies. *Denan v. Trans Union LLC*, 959 F.3d 290, 294-95 (7th Cir. 2020). Webb's vague allegations coupled with AWA's legal authority to communicate Webb's information to consumer reporting agencies defeats any plausible claim

Webb may have for the use of his personal information. Therefore, AWA's motion to dismiss is granted as to Webb's allegations surrounding AWA's use of his personal information.

## IV. Administrative Process

Throughout his complaint, Webb makes several references to an administrative process he initiated. Presumably, this administrative process involves his "Affidavit of Truth", invoice, cease-and-desist letter, and the Bureau complaints. Broadly, Webb alleges that AWA did not comply in the administrative process and is now liable to him in this proceeding.

First, Webb appears to be under the incorrect impression that the allegations contained in the "Affidavit of Truth" are now truths as a matter of law because AWA never responded to the affidavit. Though AWA doesn't dispute that it didn't respond directly to the affidavit of truth, Webb's legal theory is less than sound. As AWA points out, the authority he relies on doesn't support his claim. Rather, AWA was not obligated to dispute the statements in Webb's standalone affidavit when filing their motion to dismiss. *See GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (explaining that a court usually looks at only the allegations in a complaint when determining a motion to dismiss).

Second, Webb seeks to recover $36,000 from an invoice he sent AWA regarding 15 U.S.C. §1692 Violations. As discussed above, Webb has failed to state any plausible claim under 15 U.S.C. §1692. Thus, his $36,000 invoice has no legal authority.

Third, Webb fails to allege that AWA improperly communicated with him after receiving a cease communications letter. Section 1692c(c) prohibits debt collectors from continuing to communicate with consumers if the consumer notifies them in writing that they refuse to pay a debt. At an unknown date, Webb sent a cease-and-desist letter in accordance with 15 U.S.C. §1692c(c). Though it lists no recipient, this Court reasonably infers that Webb sent the letter to

AWA. But Webb fails to allege any facts that show AWA communicated with Webb after receiving this document. Thus, Webb fails to state a plausible claim related to his cease-and-desist letter.

Finally, Webb's first and second Bureau complaints are presumably the general administrative process that Webb refers to in his allegations. Webb argues that because AWA did not comply with this process, it is liable to him now. When looking at the complaints, however, the documents show that AWA promptly replied and acted. Webb himself even acknowledges that upon receiving the first Bureau complaint, AWA closed the account in question and removed the debt from his consumer report. Thus, it appears as if AWA properly participated in and responded to the Bureau complaints.

Webb characterizes AWA's action as admitting that it committed several violations of 15 U.S.C. §1692. His characterization, however, is incorrect. Again, Webb fails to state any plausible claim against AWA under 15 U.S.C. §1692. Thus, any allegation that AWA admitted some type of guilt in the Bureau complaint is incorrect. Accordingly, the Court grants AWA's motion to dismiss regarding Webb's allegations surrounding the administrative process.

## V.     Additional Claims Made Through Opposition Brief

When considering a Rule 12(b)(6) motion to dismiss, the Court may consider only the complaint, as well as documents attached to the motion to dismiss, so long as they are referred to in the plaintiff's complaint and central to the plaintiff's claim. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). There is no recognized exception that allows a plaintiff to add claims through an opposition brief. Rather, the law holds that briefs in opposition to a motion to dismiss cannot amend a complaint. *Alexian Bros. Health Providers*

*Ass'n v. Humana Health Plan, Inc.*, 277 F. Supp. 2d 880, 893 (N.D. Ill. 2003) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

Here, Webb's opposition brief attempts to add several claims to his complaint. But under the prevailing case law, this is not permitted. The Court, therefore, considers only those allegations contained in Webb's complaint and reasonably inferred from the documents attached to it.

## Conclusion

Because Webb fails to state any viable claim, the Court grants AWA's motion to dismiss [12]. Webb's complaint is dismissed without prejudice. Webb shall file any amended complaint by August 31, 2021. If no amended complaint is filed by that date, then this case will be closed. The Court directs the Clerk of the Court to strike page 38 of docket number [1] and page 38 of docket number [9].

**SO ORDERED.**                    **ENTERED: July 26, 2021**

_____
**HON. JORGE ALONSO**
**United States District Judge**